FILED

APR 0 5 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

PHILLIP A. TALBERT
United States Attorney
ANGELA L. SCOTT
BRIAN K. DELANEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. **1: 1 7 CR - 0 0 0 8 7 LJO SKO** |
| | |
| Plaintiff, | PLEA AGREEMENT |
| | |
| v. | DATE: TBD |
| | TIME: TBD |
| LOGAN AUGUST, | COURT: Hon. Lawrence J. O'Neill |
| | |
| Defendant. | |

## I.   **INTRODUCTION**

### A.   **Scope of Agreement**

Defendant acknowledges that the proposed Information in this case attached hereto as Exhibit B charges the defendant with a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D) – conspiracy to distribute and possess with intent to distribute marijuana. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   **Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the

1   discretion of the Court, and the Court may take into consideration any and all facts and circumstances

2   concerning the criminal activities of defendant, including activities that may not have been charged in

3   the Information.  The Court is under no obligation to accept any recommendations made by the

4   government, and the Court may in its discretion impose any sentence it deems appropriate up to and

5   including the statutory maximum stated in this plea agreement.

6          If the Court should impose any sentence up to the maximum established by the statute, the

7   defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

8   of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

9   defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

10  receive.

11                    **II.      DEFENDANT'S OBLIGATIONS**

12  **A.     Guilty Plea**

13         Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-

14  count Information in the form attached to this agreement as Exhibit B or a substantially similar form.

15  Specifically, defendant agrees to plead guilty to the Information, which charges defendant with a

16  violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D) – conspiracy to distribute and possess with intent to

17  distribute marijuana.  The defendant agrees that he is in fact guilty of this charge and that the facts set

18  forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

19         The defendant agrees that this plea agreement will be filed with the Court and become a part of

20  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

21  plea should the Court not follow the government's sentencing recommendations.

22         The defendant agrees that the statements made by him in signing this Agreement, including the

23  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

24  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

25  guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal

26  Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these

27  rules are inconsistent with this paragraph or with this Agreement generally.

28         ~~The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C.~~

PLEA AGREEMENT                                       2

1   § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

2   **B.   Sentencing Recommendation**

3   The defendant and his counsel may recommend whatever sentence they deem appropriate.

4   **C.   Fine**

5   The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a

6   fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively

7   prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury

8   to the Probation Officer and the government in advance of the issuance of the draft Presentence

9   Investigation Report, along with supporting documentation. The government retains the right to oppose

10   the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered

11   by the Court, up to the statutory maximum fine for the defendant's offense.

12   **D.   Special Assessment**

13   The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

14   a check or money order payable to the United States District Court to the United States Probation Office

15   immediately before the sentencing hearing. The defendant understands that this plea agreement is

16   voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the

17   defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money

18   to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

19   **E.   Defendant's Violation of Plea Agreement or Withdrawal of Plea**

20   If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw

21   his plea, this plea agreement is voidable at the option of the government. The government will no longer

22   be bound by its representations to the defendant concerning the limits on criminal prosecution and

23   sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime

24   or provide any statement or testimony which proves to be knowingly false, misleading, or materially

25   incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a

26   violation of the agreement. The determination whether the defendant has violated the plea agreement

27   shall be decided under a probable cause standard.

28   If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the

1 government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded
2 guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file
3 any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter
4 be subject to prosecution for any federal criminal violation of which the government has knowledge,
5 including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these
6 options is solely in the discretion of the United States Attorney's Office.

7 By signing this plea agreement, the defendant agrees to waive any objections, motions, and
8 defenses that the defendant might have to the government's decision to exercise the options stated in the
9 previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as
10 of the date of this plea agreement may be commenced in accordance with this paragraph,
11 notwithstanding the expiration of the statute of limitations between the signing of this plea agreement
12 and the commencement of any such prosecutions. The defendant agrees not to raise any objections
13 based on the passage of time with respect to such counts including, but not limited to, any statutes of
14 limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth
15 Amendment to any counts that were not time-barred as of the date of this plea agreement.

16 In addition: (1) all statements made by the defendant to the government or other designated law
17 enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,
18 whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or
19 administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no
20 claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal
21 Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by
22 the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.
23 By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

24 **F.    Forfeiture**

25 The defendant agrees to forfeit to the United States voluntarily and immediately all of his right
26 title and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853.

27 The defendant also voluntarily stipulates and agrees that as part of his sentence the Court shall,
28 pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount up to $16,200.

1    This sum represents the total amount of proceeds obtained as a result of the offense, for which defendant

2    is convicted. The defendant agrees not to file a claim to any of the listed property in any civil

3    proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right

4    to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist

5    others in filing a claim in that forfeiture proceeding.

6         The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

7    assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses

8    to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense,

9    and agrees to waive any claim or defense under the Eighth Amendment to the United States

10   Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

11   the State of California or its subdivisions.

12        The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

13   defenses or defects that may pertain to the forfeiture.

14                    **III.        THE GOVERNMENT'S OBLIGATIONS**

15   **A.    Recommendations**

16            1.      Incarceration Range

17        The government will recommend that the defendant be sentenced to a term of imprisonment at

18   the low end of the applicable guideline range for his offense, as determined by the Court. The

19   government may recommend whatever it deems appropriate as to all other aspects of sentencing.

20            2.      Acceptance of responsibility

21        The government will recommend a two-level reduction (if the offense level is less than 16) or a

22   three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if

23   he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.

24   This includes the defendant meeting with and assisting the probation officer in the preparation of the

25   pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in

26   conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

27   preparation of the pre-sentence report or during the sentencing proceeding.

28

PLEA AGREEMENT                                    5

**B.      Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.      ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to Conspiracy to Distribute and Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846 & 841(a)(1):

1.      Beginning in or about March 2014 and ending in or about December 2014 there was an agreement between two or more persons to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance;

2.      The defendant knew the agreement had an unlawful object or purpose; and

3.      The defendant joined in the agreement with the intent to further its unlawful object or purpose.

To distribute or possess with intent to distribute means the defendant knowingly possessed marijuana and either distributed it to another person or possessed it with the intent to distribute it to another person.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.      MAXIMUM SENTENCE

**A.      Maximum penalty**

The maximum sentence that the Court can impose is five years of incarceration, a fine of $250,000, a minimum two-year period of supervised release and a maximum lifetime period of

1  supervised release, and a special assessment of $100. In addition, the defendant may be ineligible for

2  certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea

3  agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss

4  caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not

5  restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The

6  defendant further agrees, as noted above, that he will not attempt to discharge in any present or future

7  bankruptcy proceeding any restitution imposed by the Court.

8  **B.   Violations of Supervised Release**

9  The defendant understands that if he violates a condition of supervised release at any time during

10  the term of supervised release, the Court may revoke the term of supervised release and require the

11  defendant to serve up to two years of additional imprisonment.

12  **VI.   SENTENCING DETERMINATION**

13  **A.   Statutory Authority**

14  The defendant understands that the Court must consult the Federal Sentencing Guidelines and

15  must take them into account when determining a final sentence. The defendant understands that the

16  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

17  Sentencing Guidelines and must take them into account when determining a final sentence. The

18  defendant further understands that the Court will consider whether there is a basis for departure from the

19  guideline sentencing range (either above or below the guideline sentencing range) because there exists

20  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

21  consideration by the Sentencing Commission in formulating the Guidelines. The defendant further

22  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

23  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

24  **B.   Sentencing Agreements**

25  The defendant is free to recommend to the Court whatever sentence he believes is appropriate

26  under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence,

27  except as noted in Section III(A)(1) above.

28

# VII.   WAIVERS

## A.   Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

## B.   Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 60 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

## C.   Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 25 JAN 17

DAVID A. TORRES
Counsel for Defendant

### B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated: 1/25/2017

LOGAN AUGUST, Defendant

//
//
//
//
//
//

1

**C.    Attorney for the United States**

2

I accept and agree to this plea agreement on behalf of the government.

3  Dated:  4/3/17

PHILLIP A. TALBERT
United States Attorney

4

5                                             By:

6                                                   ANGELA L. SCOTT
                                                    BRIAN K. DELANEY
7                                                   Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                                    10

1

**EXHIBIT "A"**
**Factual Basis for Plea**

2

        The defendant, LOGAN AUGUST, agrees that the facts set forth below are true and accurate.
3    Furthermore, if this matter proceeded to trial, the United States would establish the following facts
     beyond a reasonable doubt:

4

        At all times relevant to the Information, including between approximately March 2014 and
5    December 2014, Defendant LOGAN AUGUST was a sworn peace officer with the Kern County
     Sheriff's Office ("KCSO") and was assigned to the KCSO Major Vendors Narcotics Unit. During this
6    time, AUGUST, in his official capacity as a KCSO deputy, routinely participated in law enforcement
     marijuana eradication operations on public and private lands. During this time and in the State and
7    Eastern District of California, AUGUST abused his position of trust and authority as a KCSO deputy in
     that he conspired with an individual who previously worked as a confidential informant for AUGUST
8    (hereinafter, the "Former CI") to take marijuana plants and processed marijuana from these law
     enforcement marijuana eradication operations and sell that marijuana for unlawful personal gain. On ten
9    separate occasions between March 2014 and December 2014, AUGUST wrongfully took marijuana
     from a law enforcement eradication operation for personal gain. AUGUST provided that marijuana to
10   his Former CI for further distribution. During and in furtherance of the conspiracy, AUGUST
     distributed to his Former CI the equivalent of 25 pounds of usable marijuana wrongfully taken from
11   these law enforcement eradication operations. Subsequently, AUGUST received $15,000 from his
     Former CI, which were proceeds from the sale of this marijuana.

12

        Additionally, between June 2014 and October 2014, AUGUST conspired with his Former CI,
13   KCSO Deputy Derrick Penney and Bakersfield Police Department Detective Patrick Mara, and others,
     to take for unlawful personal gain marijuana plants from KCSO property that had been seized in the
14   course of law enforcement marijuana eradication operations. On or about September 17, 2014, in
     furtherance of this conspiracy, AUGUST and co-conspirator KCSO Deputy Derrick Penney used their
15   KCSO-issued keys to gain access to the KCSO marijuana storage unit located in Kern County,
     California. Once inside, AUGUST and KCSO Deputy Penney sawed off the ends of some of the
16   marijuana plants in the KCSO marijuana storage unit and put the top portion of the marijuana plants,
     including buds, into trash bags. AUGUST and KCSO Deputy Penney then unlawfully took the
17   marijuana from KCSO property, and had it processed (trimmed) into approximately eight pounds of
     usable marijuana. AUGUST distributed that marijuana to his former CI, who sold it, and who provided
18   AUGUST with part of the proceeds from those sales. AUGUST then provided co-conspirators Penney
     and former Bakersfield Police Detective Mara with a portion of the proceeds from the sale of that
19   marijuana. AUGUST kept $1,200 of these proceeds for himself.

20

        Prior to and during the conspiracy, AUGUST knew marijuana was a controlled substance under
21   federal law. AUGUST agrees that for purposes of determining the offense level specified in the Drug
     Quantity Table of the Sentencing Guidelines, he should be held accountable for 33 pounds of usable
22   marijuana.

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1 | PHILLIP A. TALBERT
United States Attorney
2 | ANGELA L. SCOTT
BRIAN K. DELANEY
3 | Assistant United States Attorneys
2500 Tulare Street, Suite 4401
4 | Fresno, CA 93721
Telephone: (559) 497-4000
5 | Facsimile:  (559) 497-4099

6
Attorneys for Plaintiff
7 | United States of America

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          CASE NO.

12 |                          Plaintiff,     VIOLATIONS:

13 |              v.                          21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D):  Conspiracy
to Distribute and Possess with Intent to Distribute
14 | LOGAN AUGUST,                         Marijuana; 21 U.S.C. § 853 – Criminal Forfeiture

15 |                          Defendant.

16

17

18

19

INFORMATION

20

The United States Attorney charges: T H A T

21

LOGAN AUGUST

22

defendant herein, from in or about March 2014 through December 2014, in the County of Kern, State

23

and Eastern District of California, and elsewhere, did knowingly and intentionally conspire with Patrick

24

Mara, Derrick Penney and others, both known and unknown to the United States Attorney, to distribute

25

and possess with intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title

26

21, United States Code, Sections 846 and 841(a)(1), (b)(1)(D).

27 | ///

28

INFORMATION                                    1

1  FORFEITURE ALLEGATION:      [21 U.S.C. § 853 – Criminal Forfeiture]

2        The allegations set forth in in the above Information are incorporated by reference as though

3  fully set forth herein for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

4        Upon conviction of the offense alleged in this Information, defendant LOGAN AUGUST shall

5  forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title, and

6  interest in any and all property involved in violations of Title 21, United States Code, Sections 841(a)(1)

7  and 846, for which defendant is convicted, and all property traceable to such property, including the

8  following: all real or personal property, which constitutes or is derived from proceeds obtained, directly

9  or indirectly, as a result of such offense; and all property used, or intended to be used, in any manner or

10 part to commit or to facilitate the commission of the offense.

11       Pursuant to 21 U.S.C. § 853, if any property subject to forfeiture as a result of the offense alleged

12 in this Information, which, as a result of any act or omission of Defendant or agents of Defendant or

13 upon direction by the Defendant:

14            a.    cannot be located upon the exercise of due diligence;

15            b.    has been transferred or sold to, or deposited with, a third party;

16            c.    has been placed beyond the jurisdiction of the court;

17            d.    has been substantially diminished in value; or

18            e.    has been commingled with other property which cannot be divided without

19                  difficulty;

20 it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

21 seek forfeiture of any other property of said defendant, up to the value of the property subject to

22 forfeiture.

23

24 Dated:                          PHILLIP A. TALBERT
                                   United States Attorney

25

26                          By: _____
                                   ANGELA L. SCOTT
27                                 BRIAN K. DELANEY
                                   Assistant United States Attorney

28

INFORMATION                          2